15-705-cv
Pitre v. Shenandoah

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of February, two thousand sixteen.

PRESENT:  PIERRE N. LEVAL,
          JOSÉ A. CABRANES,
          RAYMOND J. LOHIER, JR.,
                    *Circuit Judges.*
--------------------------------------------------------------------


JEFFREY PITRE, SR., and AWENHA PITRE, individually and on behalf of their children DP, SK, DP, SP, EP, and JP,

                    *Plaintiffs-Appellants*,

                    v.                                    No. 15-705-cv

LORRIE A. SHENANDOAH, JAMES DOOLEY, ONONDAGA COUNTY, OSWEGO COUNTY, and the ONONDAGA NATION,[*]

                    *Defendants-Appellees*.[* *]

---

[*] Because a county social-services department "is not a legal entity subject to suit," O'Neal v. Cty. of Nassau, 992 F. Supp. 524, 531 n.10 (E.D.N.Y. 1997), aff'd sub nom. O'Neal v. Nassau Cty. Dep't of Soc. Servs., 133 F.3d 907 (2d Cir. 1998), we substitute Onondaga and Oswego Counties as defendants for Onondaga and Oswego Social Services Departments. See N.Y. County Law § 51 ("Actions or proceedings by or against a county shall be in the name of the county."); Eliacin v. Fiala, No. 09-CV-438 (TJM), 2009 WL 4807610, at *4 n.2 (N.D.N.Y. Dec. 8, 2009) (interpreting Section 51 to require the dismissal of a county

----------------------------------------------------------------

For Appellants Jeffrey Pitre, Sr. and
Awenha Pitre:                          LISA H. BLITMAN, New York, NY.

For Appellees Lorrie A. Shenandoah,
James Dooley, and the Onondaga
Nation:                                JOSEPH J. HEATH, Syracuse, NY.

For Appellee Onondaga County:          Karen Bleskoski, *for* Robert A. Durr,
                                       County Attorney, Syracuse, NY.

For Appellee Oswego County:            CHARLES C. SPAGNOLI, & Frank W.
                                       Miller, the Law Firm of Frank W. Miller,
                                       East Syracuse, NY

Appeal from a judgment of the United States District Court for the Northern District of New York (David N. Hurd, J.).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiffs Jeffrey and Awenha Pitre, then pro se, brought this lawsuit seeking damages as well as injunctive and declaratory relief in connection with the removal of their children from their home and placement with foster parents (defendants Shenandoah and Dooley).   Relying on the Rooker-Feldman doctrine, see Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); Dist. of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462, 482 (1983), and the Indian Child Welfare Act ("ICWA"), 25 U.S.C. § 1901 et seq., the District Court dismissed the complaint for lack of subject matter jurisdiction.   Plaintiffs, now

department, because the county itself was "the real party in interest and the properly named [d]efendant"), aff'd sub nom. Eliacin v. Cty. of Broome, 488 F. App'x 504 (2d Cir. 2012).
∗∗ The Clerk of the Court is directed to amend the caption of this case as set forth above.

2

counseled, appeal from the District Court's judgment. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

On appeal, the Pitres challenge only the District Court's dismissal of their claims against the foster parents and the Onondaga Nation for acts following the January 25, 2013 decision of the Oswego County Family Court to dismiss the child abuse and neglect proceedings against the Pitres and the February 6, 2013 order of that court terminating the children's "placement or temporary removal." We therefore affirm the District Court's dismissal of Plaintiff's claims against the foster parents and the Onondaga Nation for acts occurring prior to that date, as well as any claims against Onondaga County and Oswego County, on the ground that those claims have been abandoned. See Salmon v. Blesser, 802 F.3d 249, 251 n.1 (2d Cir. 2015).

By contrast, Plaintiffs have preserved their challenge to the District Court's dismissal of their claims against the Onondaga Nation regarding actions occurring after February 6, 2013. We nevertheless affirm the dismissal of those claims on the ground that the Nation is entitled to tribal sovereign immunity. See Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58-59 (1978); Poodry v. Tonawanda Band of Seneca Indians, 85 F.3d 874, 898 (2d Cir. 1996). Neither ICWA nor the Indian Civil Rights Act of 1968 ("ICRA"), 25 U.S.C. §§ 1301 et seq., strips the Onondaga Nation of its sovereign immunity under the circumstances alleged in the Pitres' complaint.

We next address Plaintiffs' claims against the foster parents, Shenandoah and Dooley, as to actions occurring after February 6, 2013. The complaint alleged only that Shenandoah and Dooley "wrongfully hold custody of the Children in violation of the Mother and the Father's state and federal constitutional rights and in violation of New York state law." The District Court appropriately construed these allegations as asserting a due process claim under 42 U.S.C. § 1983, "a section which by its terms requires state action before it may be employed." United States v. Morrison, 529 U.S. 598, 624 (2000). Here again, Plaintiffs challenge only the foster parents' custody following the Oswego County Family Court's dismissal of the proceedings, not the Counties' initial placement of the children with Shenandoah and Dooley. Their challenge is therefore limited to the Onondaga Nation's decision that the children's placement with the foster parents continue. But under the alleged facts, Shenandoah and Dooley cannot plausibly be considered state actors for purposes of § 1983, since only tribal, not state, action occurred. See, e.g., Fabrikant v. French, 691 F.3d 193, 206 (2d Cir. 2012). Cf. Inyo Cty., Cal. v. Paiute-Shoshone Indians of the Bishop Cmty. of the Bishop Colony, 538 U.S. 701, 713 (2003) (Stevens, J., concurring) ("The text of § 1983 – which provides that § 1983 defendants are 'person[s] who, under color of [State law,]' subject any 'other person' to a deprivation of a federal right – adequately explains why a tribe is not a person subject to suit under § 1983. For tribes generally do not act under color of state law.") (alterations in original). The proper vehicle for relief for constitutional deprivations stemming from tribal action is ICRA, which is equally unavailing for Plaintiffs. ICRA provides no

4

private right of action against a tribe or tribal officials and may only be enforced in tribal court or by means of a petition for habeas corpus in federal court.   See Santa Clara Pueblo, 436 U.S. at 59-61, 71-72; Shenandoah v. Halbritter, 366 F.3d 89, 91-92 (2d Cir. 2004); 25 U.S.C. § 1303.   We therefore affirm the District Court's dismissal of the claims against Shenandoah and Dooley, as well as its denial of Plaintiffs' request for leave to amend their complaint on the ground that amendment would be futile.

We have considered all of Plaintiffs' remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court